**Charles TAYLOR, Plaintiff–Appellant,**

v.

**Ken SALAZAR, Secretary, Department of the Interior,\* Defendant–Appellee.**

No. 07–2760–cv.

United States Court of Appeals, Second Circuit.

May 27, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Interior Ken

Salazar is automatically substituted for former Secretary of the Interior Dirk Kempt-

Charles Taylor, pro se.

Andrew M. McNeela, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, and Hon. JANE A. RESTANI, Judge.**

### SUMMARY ORDER

*Pro se* plaintiff Charles Taylor appeals the dismissal pursuant to Fed.R.Civ.P. 8 of his amended complaint, charging defendant with employment discrimination under Title VII, *see* 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, *see* 42 U.S.C. § 12112 *et seq.* We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a). "Specific facts are not necessary," but the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal quotation marks and edits omitted); *see also Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir.2008). We review a district court's dismissal for failure to comply with Rule 8(a) for abuse of discretion. *See Boykin v. KeyCorp,* 521 F.3d at 212. In doing so, however, we are mindful that *pro se* complaints are "to be liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S.Ct. at 2200 (internal quotation marks and citation omitted); *see also Boykin v. KeyCorp,* 521 F.3d at 214.

Applying these principles to this case, we identify no error in the challenged dismissal. Taylor's amended complaint, which is "bereft of dates, names, and any meaningful description of what actually occurred," *Taylor v. Norton,* No. 05 Civ. 524, Order at 2 (S.D.N.Y. Mar. 16, 2007), fails to give defendant "fair notice" of the grounds upon which Taylor's sexual harassment and discrimination claims rest. *Erickson v. Pardus,* 127 S.Ct. at 2200. Significantly, the amended complaint's failure to provide such notice followed a district court order that, in dismissing Taylor's original complaint, carefully explained its deficiencies and provided Taylor with an opportunity to cure the defects. Further, the order advised Taylor that failure to do so would result in dismissal. *See Taylor v. Norton,* No. 05 Civ. 524, Order at 4–5 (S.D.N.Y. Jan. 14, 2005). Taylor's amended complaint is not materially different from the original complaint and, thus, it was not an abuse of discretion for the district court to dismiss the amended complaint with prejudice.

Accordingly, we AFFIRM the order of the district court.

---

horne. The Clerk of Court is directed to amend the official caption as noted to correct the name of the agency.

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.